CALHOUN and others *v.* ST. LOUIS & SOUTHEASTERN RY. CO. (Consolidated) and others.

*(Circuit Court, D. Indiana.* March, 1880.)

RAILROAD MORTGAGE—FORECLOSURE—PREFERRED CLAIMS.

On a bill filed by the trustees to foreclose a consolidated mortgage, where there had been prior mortgages on different parts of the consolidated road, the net earnings of the road are to be applied primarily to the payment of the employes of the company, and of the amounts due for supplies and materials furnished; and if, instead of making these payments, the earnings are directed either to the payment of what is due to the mortgagees, or for improvements or betterments placed upon the road, that constitutes a valid claim against the *corpus,* the property in the hands of the court, which it is the duty of the court to see enforced.

In Equity.

*Judd & Whitehouse, Bluford Wilson,* and *Asa & J. E. Iglehart,* for complainants.

*Scholes & Mather,* for defendants.

DRUMMOND, C. J. This was a bill filed in the fall of 1874, by the trustees, to foreclose a consolidated mortgage. There had been prior mortgages on different parts of the consolidated line of road, and the parties interested in those prior mortgages (the bondholders) were made defendants in January, 1876. Pending the litigation, various

parties have filed claims for labor, supplies, and materials. The bond-holders interested in the prior mortgages also filed, in 1879, independent bills to foreclose them. A receiver was appointed by the court, who took possession of the property on November 1, 1874, and since then the property has been in the hands of a receiver. The trustees of the consolidated mortgage were also trustees of the prior mortgages. These intervening petitions were for labor and supplies furnished during the year 1874. The claims were referred to a master, who took proof, and has filed a report allowing a large number of the claims; and to the confirmation of that report objections have been made by some of the mortgagees. During that year, and before the receiver took possession of the railway, the company issued certificates of indebtedness, instead of paying the money, and a large portion of the claims consist of these certificates given by the company. There was an order entered by the court, when the bill was filed for the foreclosure of the consolidated mortgage, directing the receiver, out of the net earnings of the road, to pay all certificates of indebtedness and other balances which might be due to the employes of the road, and what might be due for supplies and materials furnished since the first day of January, 1874. It is claimed that this order was entered by the consent of the parties then appearing in the case, and that the parties to the prior mortgages are not bound by this order; but it seems to me that being an order made at the time the court took jurisdiction of the case, the parties then in court were clearly bound by it, and that all parties who came into the litigation afterwards must be considered as coming subject to the policy which had been prescribed by the court in relation to the payment of the labor and supply claims, and if that be not so, then certainly subject to the order as modified by the court at the instance of the first mortgagees. Then it would follow, under the rule of the supreme court in the case of *Fosdick* v. *Schall*, 99 U. S. 235, the court having a discretion in relation to the appointment of a receiver, and the right to prescribe on what terms the appointment should be made, that the condition then imposed upon the property should adhere to it during the progress of the litigation, and therefore all claims coming within the terms of the order of the court should be paid in the manner there pointed out. But independent of this, as I understand the facts of the case, under the rule which the supreme court laid down in the case already referred to, these claims would be payable out of the net earnings of the road, in consequence either of those earnings having been diverted from the payment for labor performed,

and supplies and materials furnished, to the discharge of a portion of the indebtedness due on the mortgages, or by the appropriation of a part of those earnings to the betterment and permanent improvement of the railway, thus adding to the security of the mortgagees; and therefore, on that account, the amount being sufficient to meet the sum due on these various claims, they should be paid.

I shall, therefore, overrule all objections of that character which have been made to the report of the master, and hold that these claims should be paid, but I shall not allow interest on any of the claims, notwithstanding the certificates may have declared that interest was payable. Where claims have been transferred by the original parties to whom they were due, and the assignees have presented them, I will allow as valid claims only what has been paid for the claims thus transferred. The master was of the opinion that the fair inference from the testimony was that these claims arose out of work done for, or supplies and materials furnished to, the railway in Illinois and Indiana, and I cannot say that in this case this is necessarily erroneous. This was a contract made by the company after the lien of the mortgages had operated on the road, and was, of course, subject to the rights of the mortgagees, and, as has been frequently held in a case like this, there must be some sacrifice made by all parties—the employes and the material men on the one side, and the mortgagees on the other. Notwithstanding the ability of the arguments which have been made by the counsel for the mortgagees, they do not affect the view which I have always taken of these claims, nor are they able to withdraw this case from the principles which the supreme court has established, which are that the net earnings of the road are to be applied primarily to the payment of the employes of the company, and of the amounts due for supplies and materials furnished, and that if, instead of making these payments, the earnings are diverted either to the payment of what is due to the mortgagees, or for improvements or betterments placed upon the road, that constitutes a valid claim against the *corpus,* the property in the hands of the court, which it is the duty of the court to see enforced.

See *Turner* v. *I., B. & W. Ry. Co.* 8 Biss. 527.